ULISES LIND RODRÍGUEZ y OTRA, demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO y CORPORACIÓN INSULAR DE SEGUROS, demandados, recurrente el primero y recurrida la segunda.

*Números:* R-81-281, *Resueltos:* 2 de febrero de 1982
R-81-257

*José Luis Feliú Pesquera,* abogado de los demandantes y recurrentes; *Héctor A. Colón Cruz, Procurador General,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados del recurrido Estado Libre Asociado de Puerto Rico; las demás partes no comparecieron.

PER CURIAM: El tribunal de instancia desestimó por sentencia sumaria parcial la demanda incoada por los aquí demandantes-recurrentes contra un médico y su aseguradora, por la muerte del niño Eric Lind Cartagena alegadamente causada por la impericia profesional del médico Juan Miranda, quien a la sazón era empleado del Estado y, en adición, ejercía privadamente la medicina.

No incidió el tribunal de instancia al así resolver. El Art. 41.080 del Código de Seguros exime de responsabilidad no sólo a los médicos que trabajan exclusivamente para el Estado, sino también a los que, como en este caso, en adición ejercen práctica privada, mientras actúen en el cumplimiento de su deber como empleados del Estado. 26 L.P.R.A. sec. 4108. (¹)

En *Vázquez Negrón* v. *E.L.A.*, 109 D.P.R. 19 (1979), validamos dicha disposición frente a un ataque fundado en la garantía sobre la igual protección de las leyes, por no tratarse de una clasificación sospechosa que requiere un escrutinio acucioso para determinar su procedencia, sino, por el contrario, de una clasificación razonable que obedece al principalísimo propósito estatal de afrontar los serios problemas que ponen en riesgo la salud pública. En el caso de autos los demandantes aquí recurrentes impugnan la constitucionalidad del mencionado Art. 41.080 por el mismo fundamento de violación a la garantía sobre la igual protección de las leyes, sin haber planteado la cuestión ante el tribunal de instancia y sin que éste la considerara en su sentencia sumaria parcial. Aunque tal omisión sería suficiente para no considerar la cuestión, hemos examinado los argumentos en que se

---

(¹) El Art. 41.080 provee en parte:

"Ningún profesional en el cuidado de salud podrá ser incluido como parte demandada en una demanda de daños por culpa o negligencia que causa en el desempeño de su profesión mientras dicho profesional en el cuidado de salud actúe en cumplimiento de sus deberes y funciones como empleado del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios."

apoyan los recurrentes y no nos persuaden a variar lo resuelto en *Vázquez Negrón*, supra.

El Estado, también recurrente, señala como error que el tribunal de instancia incidió al desestimar la acción contra la compañía aseguradora del médico. Alega que la causa de acción contra la aseguradora es independiente de la del asegurado, según los Arts. 20.010 y 20.030 del Código de Seguros, 26 L.P.R.A. secs. 2001 y 2003,(²) y que la defensa de inmunidad de éste es personal. No tiene razón.

 No se trata aquí de una defensa personal del médico ante reclamaciones en su contra, sino de inexistencia de causa de acción. Como ya vimos, el mencionado Art. 41.080 establece inmunidad absoluta a favor de los médicos que trabajan para el Estado, por los actos torticeros que realicen durante tales gestiones. No es el caso de la defensa personal —como lo sería, por ejemplo, la falta de notificación al Estado Libre Asociado— en la que

---

(²) El Art. 20.010 lee:

"El asegurador que expidiere una póliza asegurando a una persona contra daños o perjuicios, por causa de responsabilidad legal por lesiones corporales, muerte o daños a la propiedad de una tercera persona, será absolutamente responsable cuando ocurriere una pérdida cubierta por dicha póliza, y el pago de dicha pérdida por el asegurador hasta el grado de su responsabilidad por la misma, con arreglo a la póliza, no dependerá del pago que efectúe el asegurado en virtud de sentencia firme dictada contra él con motivo del suceso, ni dependerá de dicha sentencia."

El Art. 20.030 reza:

"(1) La persona que sufriere los daños y perjuicios tendrá, a su opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. La acción directa contra el asegurador se podrá ejercer solamente en Puerto Rico. La responsabilidad del asegurador no excederá de aquella dispuesta en la póliza, y el tribunal deberá determinar no solamente la responsabilidad del asegurador, si que también la cuantía de la pérdida. Cualquier acción incoada conforme a esta sección estará sujeta a las condiciones de la póliza o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado.

"(2) Si el perjudicado entablara demanda contra el asegurado solamente, no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado."

existe la posibilidad de llevar una acción contra el asegurador. *Cortés Román* v. *E.L.A.*, 106 D.P.R. 504 (1977); *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (1965); *Trigo* v. *The Travelers Ins. Co.*, 91 D.P.R. 868 (1965). No existiendo causa de acción contra el asegurado, no responde su aseguradora. *Admor. F.S.E.* v. *Flores Hnos. Cement Prods.*, 107 D.P.R. 789 (1978).

Finalmente, no es atendible el otro señalamiento de los demandantes-recurrentes en el sentido de que al médico no negar en la contestación a la demanda enmendada que la póliza de seguros respondía de los daños alegados en dicha demanda, éstos renunciaron a plantear su inmunidad posteriormente. Resuelto ya que la inmunidad no es una defensa personal, sino inexistencia de causa de acción, a la misma no se renuncia y puede plantearse en cualquier momento. Reglas 10.2(5) y 10.8(b) de las de Procedimiento Civil de 1979.

*Se confirma la sentencia recurrida.*

Los Jueces Asociados Señores Irizarry Yunqué y Negrón García concurren con el resultado sin opinión.