Brau Ramírez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
El Estado Libre Asociado, por conducto del Procurador General, apela de una sentencia emitida el 17 de noviembre de 1998 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el dictamen en cuestión, el Tribunal declaró con lugar una demanda por daños y perjuicios presentada por el apelado David Lebrón Bonilla contra el E.L.A., y condenó a este último a satisfacerle al apelado la cantidad de $40,000.00 como compensación por una destitución ilegal de su posición como oficial de Custodia en la Administración de Corrección.
Revocamos.
II
Según se desprende del recurso, el apelado comenzó a laborar en la Administración de Corrección el 4 de agosto de 1986 en un puesto de Oficial de Custodia I. Se desempeñó en dicha posición por varios años.
El 1 de noviembre de 1993, la Administración de Corrección le concedió un ascenso al apelado al puesto de Oficial de Custodia II (Sargento), asignado a la Cárcel Regional de Bayamón. El ascenso estaba sujeto a un período probatorio de doce (12) meses, a finalizar el 31 de octubre de 1994.
*1073 Durante su desempeño con la Administración de Corrección, el apelado fue evaluado en varias ocasiones. En todas éstas, se determinó que su trabajo era excelente.
La última de estas evaluaciones fue realizada el 22 de noviembre de 1994. Su Supervisor inmediato le indicó que su evaluación final era excelente, y le entregó copia de dicha evaluación firmada, la cual expresaba que había aprobado satisfactoriamente el período probatorio.
Sin embargo, y contrario a lo manifestado por su supervisor, el 3 de abril de 1995, el Administrador de Corrección le envió una carta al apelado notificándole que no había aprobado el período probatorio, por lo cual sería destituido del puesto que ocupaba y devuelto a su anterior puesto de Oficial de Custodia I con la correspondiente reducción de salario. El traslado del apelado fue efectivo el 21 de abril de 1995. Fue transferido de la Cárcel de Bayamón al Campamento de Zarzal en Río Grande.
Oportunamente, el apelado recurrió de la decisión de la agencia ante la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.). Luego de otros trámites, el 4 de mayo de 1996, las partes suscribieron una estipulación mediante la cual la Administración de Corrección convino en reinstalar al apelado a su posición de Oficial de Custodia II y pagarle retroactivamente todos los haberes dejados de percibir por éste, desde la fecha de su separación de dicho cargo.
De conformidad con lo anterior, el apelado fue reinstalado a su cargo con efectividad al 1 de julio de 1996, pagándosele la diferencia en sueldo dejada de percibir por éste. Al presente, el apelado se encuentra ocupando el puesto de Oficial de Custodia II en la Administración de Corrección.
Como resultado de estos hechos, el apelado instó la presente demanda de daños y perjuicios contra el Estado Libre Asociado, la Administración de Corrección y contra varios funcionarios de esta última y las sociedades legales de bienes gananciales de estos últimos, solicitando compensación por las angustias mentales y emocionales ocasionadas por su destitución. En su demanda, el apelado alegó que “la actitud negligente, culposa y arbitraria y en violación de los derechos del demandante por parte de la Administradora de Corrección y sus agentes aquí demandados, ha sido la causa única y exclusiva de los daños, angustias y sufrimientos del demandante. ”
El Estado contestó la demanda, negando las alegaciones. Posteriormente, el apelado desistió de su reclamación contra los funcionarios individuales, dictándose la correspondiente sentencia parcial el 24 de abril de 1997.
Luego de otros trámites, el 26 de noviembre de 1997, el Tribunal de Primera Instancia emitió una “Sentencia Sumaria Parcial Sobre Responsabilidad”, en la que dicho foro impuso responsabilidad al Estado “por la culpa o negligencia de sus funcionarios en la Administración de Corrección. ” Quedó pendiente la adjudicación de los daños sufridos por la parte apelada. El Tribunal señaló una vista para esta determinación.
Celebrada la vista de daños, el Tribunal emitió la sentencia objeto del presente recurso, el 17 de noviembre de 1998, condenando al E.L.A. a pagar al apelado la suma de $40,000 “en concepto de daños físicos, angustias y sufrimientos mentales y morales, pasados, presentes y futuros. ”
Insatisfecho, el Estado Libre Asociado recurrió ante este Tribunal.
III
En su recurso, el Estado plantea que el foro de instancia erró en la valoración exagerada de los daños *1074 realmente sufridos por el demandante-apelado.
Opinamos, sin embargo, que el apelado carece de causa de acción, por considerarse los daños y angustias mentales sufridos por él un “accidente del trabajo” dentro del contexto de la Ley del Sistema de Compensaciones Por Accidentes del Trabajo, 11 L.P.R.A. secs. 1 y ss., a tenor con lo resuelto por el Tribunal Supremo de Puerto Rico en Pacheco Pietri v. E.L.A., 133 D.P.R. _ (1993), 93 J.T.S. 117.
Según se conoce, la referida Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 1 y ss., es un estatuto de naturaleza remedial cuyo propósito es proveer al obrero unas protecciones y beneficios por accidentes ocurridos en su trabajo. La misma establece un esquema de seguro compulsorio dirigido a proveerle a los obreros que sufren alguna lesión o enfermedad que ocurra en el curso del trabajo y como consecuencia del mismo, un remedio rápido y eficiente, libre de las complejidades de una reclamación ordinaria en daños. Pacheco Pietri v. E.L.A., 93 J.T.S. 117, a la pág. 10,981. Véase, además, Cátala Melández v. Soto Ríos, 148 D.P.R. _ (1999), 99 J.T.S. 61, a la pág. 894; Martínez Rodríguez v. Bristol Myers Barceloneta, Inc., 147 D.P.R. _ (1999), 99 J.T.S. 5, a la pág. 482; Segarra Hernández v. Royal Bank de Puerto Rico, 145 D.P.R. _ (1998), 98 J.T.S. 37, a la pág. 748; Agrón Pérez v. Fondo del Seguro del Estado, 142 D.P.R. _ (1997), 97 J.T.S. 24, a la pág. 656.
Entre otros beneficios, la Ley provee asistencia médica y compensación por incapacidades transitorias, y por incapacidades permanentes, parciales o totales, así como por incapacidades preexistentes que se agravan o casos de muerte. 11 L.P.R.A. sec. 3.
Estos beneficios no dependen de que el obrero establezca la existencia de negligencia en la ocurrencia de su lesión. Segarra Hernández v. Royal Bank de Puerto Rico, 98 J.T.S. 37, a la pág. 748; Hurtado Latre v. Osuna, 138 D.P.R. _ (1995), 95 J.T.S. 98, a la pág. 1,064; Pacheco Pietri v. E.L.A., 93 J.T.S. 117, a las págs. 10,981-10,982.
Los beneficios bajo la Ley del Sistema de Compensaciones por Accidentes del Trabajo son el remedio exclusivo con el que cuenta el obrero accidentado. El art. 18 de la Ley provee inmunidad a favor de todo patrono asegurado con respecto a demandas de sus empleados asegurados en reclamación de resarcimiento por daños sufridos como consecuencia de un accidente cubierto por la Ley. 11 L.P.R.A. sec. 21.
El patrono tiene inmunidad absoluta respecto a tales reclamaciones. El obrero lesionado no tiene causa de acción para demandar a su patrono por los daños y perjuicios sufridos, no importa el grado de negligencia que haya mediado por parte del patrono. Hernández Sánchez v. Bermúdez & Longo, S.E., _ D.P.R. _ (1999), 99 J.T.S. 162, a las págs. 284-285; Cátala Meléndez v. Soto Ríos, 99 J.T.S. 61, a la pág. 894; Martínez Rodríguez v. Bristol Myers Barceloneta, Inc., 99 J.T.S. 5, a la pág. 482; Segarra Hernández v. Royal Bank de Puerto Rico, 98 J.T.S. 37, a la pág. 748; Hurtado Latre v. Osuna,, 95 J.T.S. 98, a la pág. 1,064; Pacheco Pietri v. E.L.A., 93 J.T.S. 117, a las págs. 10,981-10,982.
Dicha inmunidad no es meramente una defensa afirmativa, sino que se trata de inexistencia de causa de acción para demandar al patrono asegurado. Admor. F.S.E. v. Flores Hnos. Cement Prods., 107 D.P.R. 789, 794 (1978).
Se exceptúan de la inmunidad los casos en que el obrero sufra lesiones no cubiertas por la Ley, porque su patrono no está asegurado, o que surjan como consecuencia de las acciones intencionales del patrono o de las acciones de un tercero. Véanse, 11 L.P.R.A. secs. 16, 17 y 32 de la Ley. Véanse, además, respectivamente, Cátala Meléndez v. Soto Ríos, 99 J.T.S. 61, a la pág. 895; Hernández Sánchez v. Bermúdez & Longo, S.E., 99 *1075 J.T.S. 162, a la pág. 285; Martínez Rodríguez v. Bristol Myers Barceloneta, Inc., 99 J.T.S. 5, a las págs. 482-85; Segarra Hernández v. Royal Bank de Puerto Rico, 98 J.T.S. 37, a la pág. 748; Rodríguez, Torres v. Autoridad de Edificios Públicos, 141 D.P.R. _ (1996), 96 J.T.S. 108, a las págs. 16-19.
Los beneficios creados por la Ley son extensivos a todos los obreros y empleados “que sufran lesiones o se inutilicen, o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo o por enfermedades o muertes derivadas de la ocupación, según se especifican en la [Ley], ”11 L.P.R.A. sec. 2.
La Ley cubre a los empleados del E.L.A. 11 L.P.R.A. sec. 3.
El Tribunal Supremo de Puerto Rico ha aclarado que para que una lesión sufrida pueda ser considerada como un “accidente del trabajo” bajo la Ley deben satisfacerse los siguientes requisitos: (1) que provenga de cualquier acto o función del obrero; (2) que dicho acto o función sea inherente al trabajo o empleo del obrero; (3) que ocurra en el curso de dicho trabajo o empleo y como consecuencia del mismo. Cátala Meléndez v. Soto Ríos, 99 J.T.S. 61, a la pág. 894; Reyes Vda. de Morales v. Policía de Puerto Rico, 142 D.P.R. _ (1996), 96 J.T.S. 167, a la pág. 446; Hurtado Latre v. Osuna, 95 J.T.S. 98, a la pág. 1,064; Pacheco Pietri v. E.L.A., 93 J.T.S. 117, a la pág. 10,982.
Deben concurrir los tres requisitos. Agrón Pérez v. Fondo del Seguro del Estado, 97 J.T.S. 24, a la pág. 656; Díaz Rivera v. Policía de Puerto Rico, 140 D.P.R. _ (1996), 96 J.T.S. 45, a la pág. 915; Hurtado Latre v. Osuna, 95 J.T.S. 98, a la pág. 1,064.
De acuerdo a dicho esquema, la aplicación de la Ley no depende de la naturaleza específica de la lesión sufrida, sino más bien de su nexo con el trabajo del obrero. Si la lesión está relacionada y es un resultado de las gestiones del obrero en su empleo, se considera un accidente del trabajo. Reyes Vda. de Morales v. Policía de Puerto Rico, 96 J.T.S. 167, a la pág. 446; Agrón Pérez v. Fondo del Seguro del Estado, 97 J.T.S. 24, a la pág. 656; Pacheco Pietri v. E.L.A., 93 J.T.S. 117, a la pág. 10,982.
Ello es así, aunque la lesión no sea una compensable bajo el esquema establecido por el estatuto. Pacheco Pietri v. E.L.A., 93 J.T.S. 117, a la pág. 10,983. Véanse, además, Cátala Meléndez. v. Soto Ríos, 99 J.T.S, 61, a las págs. 894-95; Segarra Hernández v. Royal Bank de Puerto Rico, 98 J.T.S. 37, a la pág. 749; Díaz Rivera v. Policía de Puerto Rico, 96 J.T.S. 45, a las págs. 915-17.
En Pacheco Pietri, supra, se trataba de un guardia penal que, como condición de su empleo, se había sometido a una prueba de drogas. Por error, se había reportado que el resultado de su pmeba había sido positivo para el uso de cocaína, cuando el resultado realmente había sido negativo. El empleado demandó al Estado por los daños a su reputación y las angustias mentales y emocionales sufridas. El Tribunal de Primera Instancia desestimó la demanda, resultado que fue confirmado por el Tribunal Supremo, quien concluyó que el incidente en cuestión había constituido un accidente del trabajo, porque estaba relacionado con el empleo del demandante. Aclaró:

“Un obrero que sufre una lesión, en el curso de su empleo y como consecuencia del mismo, queda cobijado bajo la Ley de Compensaciones por Accidentes del Trabajo. El hecho de que la lesión no resulte en una incapacidad y, por ende, no sea compensable, no afecta la cubierta de la Ley. Si es una lesión producto de un accidente del trabajo le aplica la exclusividad del remedio; o sea, el patrono queda cobijado bajo la inmunidad patronal y el obrero tiene derecho a los beneficios de asistencia médica y apoyo económico que la Ley provee. ”

*1076 Pacheco Pietri v. E.L.A., 93 J.T.S. 117, a la pág. 10,984. Más adelante, el Tribunal también expresó:

“Fue ...al llevar a cabo un acto a instancias y por órdenes del patrono, para beneficio de éste y como condición para la continuidad en el empleo, que ocurrió el accidente. Bajo estas circunstancias, donde el patrono no incurrió en conducta intencional y donde el acto negligente que se le atribuye al patrono y al co-empleado, ocurrió como parte normal de la relación de empleo del co-demandante Pacheco Pietri como guardia penal, en cumplimiento con un requisito del empleo, no nos cabe la menor duda que existe un nexo causal entre el trabajo y el accidente y que estamos frente a un accidente del trabajo cubierto por la Ley. Tampoco existe la menor duda de que la lesión, a pesar de no ser una incapacitante, y, por ende, no compensable, sí está cubierta por la Ley. Es de aplicación, pues, la disposición del Artículo 20 
 sobre remedio exclusivo, tanto para el patrono como para los co-empleados, supervisores y oficiales. ”

Pacheco Pietri v. E.L.A., 93 J.T.S. 117, a la pág. 10,984.
En la situación de autos, somos de la opinión de que los daños y angustias reclamados por el apelado deben considerarse similarmente un accidente del trabajo. En efecto, la determinación de privar al apelado de su plaza como Oficial de Custodia II fue atribuible a un aparente error en la evaluación de su récord por sus supervisores. No se plantea que dicha actuación hubiera sido intencional o que hubiera estado motivada por consideraciones impermisibles de ideas políticas, género o alguna otra razón de trascendencia constitucional. Cf., Segarra Hernández v. Royal Bank de Puerto Rico, 98 J.T.S. 37, a las págs. 748-751. En estas circunstancias, entendemos que la reclamación del apelado está proscrita por el art. 18 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo. 11 L.P.R.A. sec. 21.
Como señalamos previamente, la inmunidad patronal conlleva la inexistencia de causa de acción para demandar al patrono, Admor. F.S.E. v. Flores Hnos. Cement Prods., 107 D.P.R. _, a la pág. 794, por lo que dicho defecto puede ser levantado en cualquier momento, incluso motu proprio por este Tribunal. Lind Rodríguez v. E.L.A., 112 D.P.R. 67, 69-70 (1982).
En su comparecencia, el apelado plantea que la actuación de sus supervisores tuvo el efecto de privarlo ilegalmente de sus derechos bajo la Ley del Sistema de Personal del Servicio Público, 3 L.P.R.A. see. 1301 y ss. Insinúa que dicha actuación puede entenderse como una violación a la cláusula del debido proceso del Art. II, Sección 7 de nuestra Constitución. Cf. Torres Solano v. P.R.T.C., 127 D.P.R. 499 (1990).
Observamos, sin embargo, que interpretando cláusulas equivalentes a las de nuestra Constitución, el Tribunal Supremo de los Estados Unidos ha resuelto que no existe una causa de acción constitucional por daños y perjuicios bajo la Cláusula de Debido Proceso de Ley basada en la actuación meramente negligente de un funcionario estatal. Véase, Daniels v. Williams, 474 U.S. 327, 328 (1986) (“the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or propery”). Véase, además, Davidson v. Cannon, 474 U.S. 344 (1986).
Dicho Tribunal también ha resuelto que no existe una causa de acción federal por la privación negligente de propiedad, cuando existen remedios estatales para recuperar el valor de la misma, aunque dichos remedios no fuesen tan amplios como los provistos bajo la Ley federal. Parrat v. Taylor, 451 U.S. 527, 543 (1981). Véase, Stuart M. Speiser, Charles F. Krause & Alfred W. Gans, The American Law of Torts, Vol. 7, Lawyer's Cooperative Publishing Co., Rochester, N.Y., 1990, a la pág. 778.
En el presente caso, según hemos visto, el apelado presentó una exitosa apelación ante J.A.S.A.P., obteniendo la reposición en su plaza y el pago de los haberes dejados de percibir. Consideramos, a la luz de lo *1077 anterior, que como cuestión de derecho, la parte apelada carece de una causa de acción en este caso.
Por los fundamentos expresados, se revoca la sentencia apelada. En su lugar, se dicta otra desestimando la demanda.
Lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 74
1. Los funcionarios en cuestión eran Joseph Colón, Administrador de Corrección, y Fortunato Rivera y Rafael López Ramos, supervisores que aparentemente fueron los responsables de reportar que el apelado no había aprobado su período probatorio.
2. Actualmente, Artículo 18.