TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, Oscar Ramos Meléndez mediante un recurso de apelación en el que solicita se revoque una Sentencia Parcial emitida en el caso de Oscar Ramos Meléndez v. Estado Libre Asociado de Puerto Rico, et als., Civil Núm. KDP04-1526 (801). Mediante la misma, el Tribunal de Primera Instancia (en adelante T.P.I.) declaró con lugar la Moción de Desestimación presentada por la codemandada, Hon. Anabelle Rodríguez Rodríguez. En consecuencia, desestimó la demanda en su contra y ordenó la continuación de los procedimientos *400 en cuanto a los demás codemandados.
Con el beneficio de la comparecencia de las partes y luego de analizar el derecho vigente, se confirma la Sentencia Parcial apelada.
I
El 29 de septiembre de 2004, el Sr. Oscar Ramos Meléndez (en adelante el apelante) presentó una demanda de daños y pexjuicios contra el Estado Libre Asociado de Puerto Rico (en adelante E.L.A.), la ex-Secretaria del Departamento de Justicia, Hon. Anabelle Rodríguez Rodríguez (en adelante ex-Secretaria de Justicia), el Ledo. Pedro Goyco Amador, Fiscal General del Departamento de Justicia, la Fiscal Aida Rivera Caratini, Directora de la División de Integridad Pública del Departamento de Justicia, la Agente Zoraida Torres Torres del Negociado de Investigaciones Especiales (en adelante N.I.E.), el Sr. José M. Ventura Asilís, su esposa y la Sociedad Legal de Gananciales compuesta por ambos, la Corporación del Fondo del Seguro del Estado, y su Administrador, el Ledo. Nicolás López Peña. Esta demanda es consecuencia de una acusación criminal que se llevó contra el apelante, por hechos ocurridos mientras éste era Administrador de la Corporación del Fondo del Seguro del Estado.
En la demanda se alegó que los codemandados actuaron en común acuerdo para violar derechos constitucionales y civiles del apelante, en específico, su derecho a la libertad, al debido proceso de ley, a la vida familiar y a no ser privado de los mismos de manera ilegal y arbitraria. El apelante solicitó que se condenara solidariamente a los co-demandados al pago de $500,000 en daños y peijuicios, más honorarios de abogado.
La ex-Secretaria de Justicia, quien fue demandada tanto en su carácter personal como oficial, compareció mediante la presentación de una Moción de Desestimación, en la que alegó que procedía la desestimación de la demanda en su contra, toda vez que sus actuaciones estaban cobijadas por la doctrina de inmunidad condicionada del Ministerio Público según reconocida por el Tribunal Supremo de Puerto Rico en el caso de Romero Arroyo v. E.L.A., 127 D.P.R. 724 (1991).
El apelante presentó un escrito titulado Réplica a Moción Solicitando Desestimación en el que alegó que: (1) nuestro derecho procesal no favorece la desestimación de una demanda antes de que las partes presenten su contestación a la misma; y (2) que la doctrina de inmunidad condicionada del Ministerio Público no cobija a la ex-Secretaria de Justicia, ya que dicha doctrina excluye las actuaciones de la fase investigativa que precede la radicación de cargos, y sólo aplica a la decisión de presentar cargos y a la conducta del Ministerio Público durante los procedimientos celebrados ante un juez. Posteriormente, la ex-Secretaria de Justicia presentó una Moción en Torno a Réplica en la cual sostuvo que la doctrina de inmunidad condicionada la cobijaba aun cuando sus actuaciones precedieran el inicio de una acción criminal que nunca se materializó.
El 2 de marzo de 2005, el T.P.I. emitió una Sentencia Parcial, mediante la cual desestimó la demanda contra la ex-Secretaria de Justicia y dispuso la continuación de los procedimientos en cuanto a los demás codemandados. Dicho foro sostuvo “que aquellos miembros del Ministerio Público cuyas acciones generen una demanda civil en su contra por alegada negligencia en el curso de su deber ministerial, están cobijados por la inmunidad condicionada que se le ha reconocido a los miembros de la Judicatura”. Finalmente, dispuso que la causa de acción del apelante al amparo de los Artículos 1802 y 1803 del Código Civil de Puerto Rico no puede ser ejercitada en contra de la ex-Secretaria de Justicia por lo que procedía la desestimación de la demanda en su contra.
Inconforme con la determinación del T.P.I., el apelante presentó el recurso que nos ocupa. En el mismo señaló que erró el T.P.I. al: (1) desestimar la acción civil en una etapa anterior a la contestación de la demanda; (2) al reconocer inmunidad condicionada a la ex-Secretaria de Justicia por gestiones investigativas; y (3) al reconocer inmunidad condicionada a la ex-Secretaria de Justicia, pero tratar la misma como si fuese una *401 inmunidad absoluta, ignorando la doctrina jurisprudencial vigente en Puerto Rico.
II
La Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 10.2, faculta a una parte a solicitar del tribunal la desestimación de una demanda instada en su contra cuando, entre otras cosas, se alega como defensa que la misma deja dé exponer una reclamación que justifique la concesión de un remedio.
La jurisprudencia aplicable a esta norma señala que a los fines de disponer de una moción de desestimación, el foro judicial viene obligado a dar por ciertas y buenas todas las alegaciones fácticas contenidas en la demanda. Pressure Vessels v. Empire Gas, 137 D.P.R. 497 (1994); First Federal Savings v. Asociación de Condómines, 114 D.P.R. 426 (1983). No obstante, esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, de cuya faz no se de margen a dudas. Unisys v. Ramallo Brothers Printing, Inc., 128 D.P.R. 842 (1991). El deber del foro sentenciador no es determinar los méritos finales de la reclamación con el propósito de decidir cuál de las partes habría de prevalecer, sino más bien considerar si a la luz de la situación más favorable al demandante y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. Colón v. San Patricio Corp., 81 D.P.R. 242 (1959).
Por otro lado, el Artículo 74 del Código Político, 3 L.P.R.A. see. 72, impone al Secretario de Justicia y a los fiscales el deber de representar al E.L.A. en toda demanda y proceso civil o criminal en que éste fuere parte. De igual forma, el Tribunal Supremo de Puerto Rico ha resuelto que en nuestra jurisdicción la facultad y responsabilidad de investigar, acusar y procesar alegada conducta constitutiva de delito público recae, de ordinario y como regla general, en la persona del Secretario del Departamento de Justicia de Puerto Rico y de los fiscales que están adscritos al referido Departamento. Pueblo v. Pérez Casillas, 126 D.P.R. 702, 710 (1990).
En Romero Arroyo v. E.L.A., 127 D.P.R. 724 (1991), el Tribunal Supremo, expresó que en Puerto Rico no existe legislación específica que reglamente el concepto de Inmunidad especial del Ministerio Público. Por esa razón y por motivos de política pública, reconoció jurisprudencialmente una norma a tales fines, concediéndole a los representantes del Ministerio Público la misma inmunidad condicionada que se le reconoció a los miembros de la judicatura en Feliciano Rosado v. Matos, 110 D.P.R. 550 (1981). Según el Tribunal Supremo:
“La actuación del Ministerio Público que con más frecuencia puede ocasionar la radicación de acciones civiles por daños es la de iniciar y defender con pasión el interés del Pueblo en un proceso penal. Desproveer a los fiscales de una barrera efectiva contra tales reclamaciones podría tener consecuencias funestas para nuestro sistema de justicia criminal. Para el fiscal, cada causa en que él participe como tal podría constituir fuente de responsabilidad civil.
Sin duda, esa inaceptable situación provocaría la radicación de numerosas acciones en su contra, pues es habitual que los imputados y acusados de delitos enfilen hacia el fiscal su resentimiento por haber sido procesados. La aprehensión e inquietud constante, en que vivirían y trabajarían estos funcionarios, privaría a la sociedad de la política de imparcialidad e independencia que debe caracterizar las actuaciones del Ministerio Público.” Romero Arroyo v. E.L.A., supra.
En lo que respecta a la defensa de inmunidad condicionada invocada como fundamento desestimatorio, la misma fue adoptada con la finalidad de "lograr un balance entre el derecho que tiene el ciudadano que resulta perjudicado por la actuación culposa o negligente de otra persona, y el interés social, más amplio, de permitir que los representantes del Ministerio Público actúen sin miedo y de forma vigorosa en la investigación, instrucción y procesamiento de causas criminales". (Enfasis suplido.) Romero v. E.L.A., supra. Al Secretario de Justicia le cobija la misma inmunidad que tienen los fiscales en toda actuación que, lejos de ejecutar una acción puramente administrativa propia del cargo que ocupa, éste interviene y se desempeña como cualquier otro fiscal en la investigación, presentación y procesamiento de causas criminales. Id.
*402 No obstante, el Tribunal Supremo reiteró que la inmunidad de los funcionarios públicos no es una extensión ni tampoco es parte de la inmunidad del Estado. Por el contrario, como vimos, se funda en consideraciones de política pública. Id.
La concesión de inmunidad a un funcionario del Estado por consideraciones de política pública sólo tiene el efecto de eximir de responsabilidad civil a dicho funcionario en su carácter individual, dejando intacta la responsabilidad y la renuncia del Estado a su inmunidad contra acciones por daños y perjuicios a la persona causados por la acción u omisión de cualquiera de sus funcionarios, agentes, empleados, o cualquier otra persona que actúa con capacidad oficial y dentro del marco de su función o empleo donde interviene culpa o negligencia. Romero v. E.L.A., supra.
Finalmente, se ha establecido que la inmunidad condicionada reconocida a los miembros del Ministerio Público y a los miembros de la Judicatura no es absoluta quedando éstos sujetos a responder civilmente bajo el Artículo 1802 del Código Civil, 31 L.P.R.A. 5141, en aquellos casos en que sus actuaciones sean maliciosas, dolosas o delictivas en el desempeño de su función.
Así, pues, nos resta por examinar si a la luz del derecho expuesto anteriormente, se cometieron los errores alegados. Veamos.
III
En la demanda de daños y perjuicios, el apelante incluyó a la Secretaria de Justicia, en su carácter personal y oficial por sus alegadas actuaciones culposas y/o negligentes, y las de sus subalternos. En la misma, alegó que los demandados, con pleno conocimiento de la existencia de evidencia exculpatoria en su contra y bajo instrucciones directas de la Secretaria de Justicia, ocultaron deliberadamente dicha prueba y refirieron el caso al Panel sobre el Fiscal Especial Independiente. Además, en cuanto la Secretaria de Justicia, alegó el apelante que ésta comenzó a hacer expresiones públicas dirigidas a presionar al Panel sobre el Fiscal Especial Independiente en todos los casos que refería de la pasada administración, y que realizó expresiones indicando que no creía en la Ley que creaba el Fiscal Especial Independiente y que deseaba eliminar la oficina del todo, esto alegadamente con el propósito deliberado de presionarlos públicamente. 
En primer lugar, debemos señalar que el Secretario de Justicia está autorizado por ley a llevar a cabo una investigación preliminar en todo caso en que reciba información bajo juramento que a su juicio constituya causa suficiente para investigar si se ha cometido cualquier delito grave y menos grave incluido en la misma transacción o evento y los delitos contra los derechos civiles, la función pública y el erario público en casos de funcionarios públicos. 3 L.P.R.A. sec. 99(k).
Siempre que el Secretario conduzca una investigación preliminar con relación a la situación de cualquiera de los funcionarios públicos enumerados en el Artículo 4 de la ley que crea el cargo del Fiscal Especial Independiente, Ley Núm. 2 de 23 de febrero de 1988, 3 L.P.R.A. see. 99 y et seq., el Secretario determinará, a base de la información disponible y los hechos alegados, si existe causa suficiente para creer que se ha cometido cualquier delito grave y menos grave incluido en la misma transacción o evento y los delitos contra los derechos civiles, la función publica y el erario público. 3 L.P.R.A. sec. 99(k).
Luego de completada la investigación preliminar, el Secretario rendirá un informe detallado de tal investigación al Panel sobre el Fiscal Especial. Dicho informe contendrá las recomendaciones del Secretario sobre si procede o no la designación de un Fiscal Especial. Aun cuando la recomendación del Secretario fuere la de que no se designe un Fiscal Especial, éste vendrá obligado a referir su informe y expediente completo del caso al Panel, el cual podrá a su discreción nombrar un Fiscal Especial y ordenar la investigación del caso. 3 L. P.R.A. sec. 99(k).
*403 El Panel podrá revisar cualquier determinación del Secretario y determinará si procede el nombramiento de un Fiscal Especial que lleve a cabo la investigación y procesamiento que sea necesario para la disposición de la querella. 3 L.P.R.A. sec. 99(o). Luego de evaluar el informe del Secretario de Justicia, recae sobre el Fiscal Especial decidir si se radican denuncias o acusaciones. 3 L.P.R.A. sec. 99(k)(3).
Para determinar si existe causa para conducir una investigación preliminar, el Secretario de Justicia tomará en consideración los siguientes factores enumerados en el Artículo 3 de la Ley Núm. 2, supra:

“(a) La seriedad de la imputación que se hace;

(b) el grado de participación que se le imputa al funcionario o ex-funcionario, empleado o ex-empleado;

(c) los datos y hechos en que esté basada la imputación;

(d) la credibilidad de la persona que formula la imputación y de otras fuentes de información. ”

De las disposiciones antes transcritas surgen las facultades que le confiere la ley a la ex-Secretaria de Justicia al iniciar la investigación preliminar del caso. Entendemos que la ex-Secretaria de Justicia actuó conforme a las facultades otorgadas. En cuanto a las alegaciones de la demanda, el apelante no establece actuaciones maliciosas, dolosas o delictivas específicas que hubiese realizado la ex-Secretaria de Justicia en el presente caso. En la demanda alegó que la ex-Secretaria de Justicia tenía conocimiento de que los co-demandados hubiesen referido el caso al Panel del F.E.I. excluyendo la evidencia exculpatoria; sin embargo, esa alegación se hace sin establecer los hechos que dan base a la misma. Más aún, la ley que crea el Panel sobre el Fiscal Especial confiere al Fiscal Especial amplios poderes de descubrimiento de prueba que le hubiesen permitido, de ser correcta la alegación del apelante, tener acceso a dicha evidencia exculpatoria. Como mencionáramos anteriormente, la decisión de si se radica una denuncia o acusación recae exclusivamente en el Fiscal Especial luego de hacer la investigación correspondiente. Además, el nombramiento de un Fiscal Especial tiene el efecto de privar completamente de jurisdicción al Secretario sobre la investigación. 3 L.P.R.A. sec. 99(s).
Por otra parte, en cuanto a la alegación de que la ex-Secretaria de Justicia realizó expresiones públicas dirigidas a presionar al Panel sobre el Fiscal Especial en todos los casos que refería de los miembros de la administración pasada, refiriéndose a la administración del gobierno del Dr. Pedro Rosselló González, entendemos que de haberse realizado dichas expresiones, las mismas tampoco constituyen actuaciones maliciosas o delictivas que justifiquen la concesión de un remedio bajo la presente reclamación. El Panel sobre el Fiscal Especial Independiente es un organismo creado por ley con la encomienda de acudir a los tribunales en representación del Estado, a instar las acciones criminales que procedan como resultado de las investigaciones que realice conforme a los asuntos que le han sido asignados. Silva Iglesia v. F.E.I., 137 D.P.R. 821 (1995). El cargo de Fiscal Especial es uno independiente y no responde al Departamento de Justicia, ni al Secretario de Justicia. Las expresiones que pudiera haber hecho la ex-Secretaria de Justicia, de ser ciertas las alegaciones del apelante, no constituyen una presión sobre la radicación de acusaciones, ya que el Panel sobre el Fiscal Especial Independiente toma sus propias determinaciones luego de evaluar la evidencia que tenga ante sí y no está obligado por la recomendación que realiza el Secretario de Justicia en cuanto a si se nombra o no un Fiscal Especial a un determinado asunto. Como expusiéramos anteriormente, la propia ley dispone que aun cuando la recomendación del Secretario fuese la de que no se designe un Fiscal Especial, el Panel podrá a su discreción nombrar un Fiscal Especial y ordenar la investigación del caso. 3 L.P.R.A. sec. 99(k).
De la demanda surge específicamente que el apelante trajo como co-demandada a la ex-Secretaria de Justicia en su carácter personal y oficial por sus actuaciones culposas y/o negligentes y las de sus sub-alternos. Estas alegaciones de culpa y/o negligencia específicamente están comprendidas dentro de la inmunidad condicionada que nuestro ordenamiento confiere tanto al Secretario de Justicia como a los miembros del *404 Ministerio Público.
De la discusión que antecede, podemos concluir que las actuaciones de la ex-Secretaria de Justicia estaban cobijadas la doctrina de inmunidad condicionada. Contrario a lo que alega el apelante, la doctrina de inmunidad condicionada se extiende a sus actividades investigativas, y no se limita a las únicamente a las funciones de iniciar y conducir el encausamiento ante el tribunal.
Al determinarse que las actuaciones de la ex-Secretaria de Justicia se encuentran cobijadas por la doctrina de inmunidad condicionada, procedía que se desestimara la demanda en su contra, como bien resolvió el T.P.I. en su Sentencia Parcial. De acuerdo con lo dispuesto por el Tribunal Supremo, cuando se le concede inmunidad condicionada a un funcionario público en su carácter personal, hay inexistencia de causa de acción en contra de éste. En estos casos, el único remedio que tiene el perjudicado es la acción en daños y perjuicios en contra del Estado. Lind v. E.L.A., 112 D.P.R. 67 (1982); García Gómez v. E.L.A., 163 D.P.R. _ (2005), 2005 J.T.S. 18. Ante la inexistencia de causa de acción contra la ex-Secretaria de Justicia, procedía la desestimación de la demanda en su contra.
IV
Por los fundamentos antes expuestos, se confirma la Sentencia Parcial apelada.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal. El Juez González Rivera disiente mediante voto por separado.
Laura M. Vélez Vélez
.Secretaria del Tribunal de Apelaciones