Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| GLENDALIZ MERCADO SOTO, JOSUÉ VALENTIN MORALES, por sí y en representación del menor de edad Lucas Gabriel Valentin Mercado, Sociedad Legal de Gananciales compuesta por Glendaliz Mercado Soto y Josué Valentin Morales<br><br>Demandante-Recurrido<br><br>v.<br><br>GROUP PEDIATRIX MEDICAL Y OTROS<br><br>Demandados<br><br>DR. FRANCISCO ZAMORA ECHEVARRIA Y OTROS<br><br>Demandado-Peticionario | KLCE202201006 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. MZ2020CV00675 MZ2021CV01173<br><br>Sobre: Impericia Médica; Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró.

*Bermúdez Torres, juez ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2023.

I.

El 31 de julio de 2020, Glendaliz Mercado Soto y Josué Valentín Morales, por sí y en representación de la Sociedad Legal de Bienes Gananciales que ambos componen y de su hijo menor de edad LVM, demandaron al Dr. Francisco Zamora Echevarría y a SIMED como la aseguradora del Dr. Zamora Echevarría. El 2 de septiembre de 2021, la *Demanda* contra el Dr. Zamora Echevarría fue desestimada, sin perjuicio. El 7 de octubre de 2021, SIMED presentó contestación a la *Demanda.* Alegó que el Dr. Zamora Echevarría le brindó tratamiento médico a la señora Mercado Soto

en las facilidades del Hospital San Antonio de Mayagüez (Hospital San Antonio), por lo que procedía la desestimación de la *Demanda* por la inmunidad que reconoce el Art. 41.050 del Código de Seguros de Puerto Rico.[1]

El 8 de septiembre de 2021, la señora Mercado Soto presentó nuevamente la *Demanda* contra el Dr. Zamora Echevarría, su esposa y la Sociedad Legal de Bienes compuesta por ambos.[2] El Dr. Zamora Echevarría y SIMED presentaron *Moción Solicitando Desestimación al Amparo de la Inmunidad Establecida en la Sección 4105 del Título 26 de LPRA* el 24 de noviembre de 2021 y el 6 de diciembre de 2021. Adujeron que, el Dr. Zamora Echevarría atendió el parto de la señora Mercado Soto en el Hospital San Antonio. Dicha facilidad hospitalaria es propiedad del Municipio de Mayagüez, pero está siendo administrada, en virtud de un contrato de administración, por la Corporación Hospital San Antonio, Inc., quien es una entidad privada. Como parte de la *Moción de Desestimación*, el Dr. Zamora Echevarría y SIMED adjuntaron certificación con fecha del 22 de noviembre de 2021, emitida por el Subdirector Médico, la Dra. Yoilis Guerrero del Río, acreditando que el Dr. Zamora Echevarría tiene privilegios médicos en el Hospital San Antonio.

El 22 de febrero de 2022, la señora Mercado Soto presentó escrito intitulado *Oposición a Desestimación.* Alegó que, ni al Dr. Zamora Echevarría ni a SIMED, le aplicaba la inmunidad estatutaria del Código de Seguros de Puerto Rico ya que el Dr. Zamora Echevarría no es contratista ni empleado del Hospital San Antonio. El 18 de julio de 2021 el Foro primario emitió *Resolución* declarando

---

[1] 26 LPRA § 4105.
[2] El 14 de febrero de 2022, las dos acciones presentadas por la señora Mercado Soto fueron consolidadas bajo el caso número MZ2020CV00675.

"No Ha Lugar" la *Moción de Desestimación* presentada por SIMED y por el Dr. Zamora Echevarría.

Inconformes, el 2 de agosto de 2022 el Dr. Zamora Echevarría y SIMED presentaron *Moción de Reconsideración*. El 12 de agosto de 2022, el Foro primario declaró "No Ha Lugar" la *Moción de Reconsideración*. Concluyó que, "[E]l contrato no fue anejado a su solicitud de desestimación por lo que nada se ha acreditado en relación a que el Dr. Zamora Echevarría en efecto es un contratista o empleado actuando al servicio del Estado." Aún insatisfechos, el 12 de agosto de 2022, el Dr. Zamora Echevarría y SIMED recurrieron ante nos mediante *Certiorari*. Plantean:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE AL CODEMANDADO NO L[E] COBIJA LA INMUNIDAD ESTABLECIDA EN EL ART. 41.050 DEL C[Ó]DIGO DE SEGUROS, 26 L.P.R.A 4150, POR NO TENER CONTRATO DE SERVICIOS PROFESIONALES CON EL HOSPITAL SAN ANTONIO, NI CON EL MUNICIPIO DE MAYAG[Ü]EZ O EL ESTADO LIBRE ASOCIADO.**

Luego de concedidas varias prórrogas, el 11 de enero de 2023 emitimos *Resolución* concediendo término final para que la señora Mercado Soto presentara su oposición al *Certiorari*. Consecuentemente, el 18 de enero de 2023, compareció mediante *Oposición a Petición de Certiorari*. La señora Mercado Soto sostiene en su comparecencia que el Foro primario correctamente denegó la *Moción de Desestimación* presentada por el Dr. Zamora Echevarría y SIMED, pues este no es acreedor de la inmunidad ofrecida en el Código de Seguros de Puerto Rico. Con el beneficio de las comparecencias de las partes, procedemos a resolver.

II.

La controversia trabada ante nos gira en torno a si, un médico que no es empleado ni contratista independiente, pero goza del privilegio médico hospitalario en una de las entidades protegidas por

la inmunidad que concede el Código de Seguros de Puerto Rico, está cubierto por dicha inmunidad. Veamos.

Según el Art. 41.050 del Código de Seguros de Puerto Rico:[3]

[N]ingún profesional de la salud (empleado o contratista), podrá ser incluido como parte demandada en una acción civil de reclamación de daños por culpa o negligencia por impericia profesional ("malpractice") causada en el desempeño de su profesión, **mientras dicho profesional actúe en cumplimiento de sus deberes y funciones**, incluidas las docentes, como empleados del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades, el Centro Compresivo de Cáncer de la Universidad de Puerto Rico y los municipios**. Tampoco podrá ser incluido profesional de salud alguno, ya sea empleado o contratista, por el desempeño de su profesión en el cumplimiento de sus deberes y funciones, incluidas las docentes, del Hospital San Antonio de Mayagüez,** en el Centro Médico de Mayagüez-Hospital Ramón Emeterio Betances, su Centro de Trauma y sus dependencias ni a los profesionales de la salud que prestan servicios a pacientes referidos por la Corporación del Fondo del Seguro del Estado, así como en aquellos Centros de Trauma y Estabilización que así sean designados, según lo dispuesto en el inciso (3) del Artículo 12 de la Ley Núm. 81 de 14 de marzo de 1912, según enmendada.
[…].[4]

A poco examinamos el citado precepto, para que se active la inmunidad conferida, deben concurrir los siguientes requisitos: (1) ser un profesional en el cuidado de la salud; (2) que los daños ocasionados por su impericia deben haber surgido en el desempeño de su profesión; (3) tiene que haber actuado en cumplimiento de sus deberes y funciones profesionales como empleado del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios.[5] En cuanto a este último requisito, nuestro más alto Foro ha expresado que están exentos de responsabilidad, no solo los médicos que trabajan exclusivamente para el Estado, sino también aquellos que además ejercen privadamente la profesión, siempre y cuando actúen en el cumplimiento de su deber como empleados del

---

[3] 26 LPRA § 4105.
[4] Íd., (Énfasis nuestro).
[5] *Rodríguez Ruiz* v. *Hosp. San Jorge*, 169 DPR 850, 860 (2007); *Flores Román* v. *Ramos González*, 127 DPR 601, 606 (1990).

Estado.[6] Dicha protección no constituye una "defensa personal del médico ante reclamaciones en su contra, sino de inexistencia de causa de acción".[7]

Tras enmendarse el Art. 41.050 del Código de Seguros de Puerto Rico, mediante la Ley Núm. 228-2004, se extendió la inmunidad tanto a los médicos que trabajaran como empleados del Estado Libre Asociado de Puerto Rico como a los contratistas independientes.[8] Para considerarse contratista independiente, se considera: 1) la forma como los servicios fueron pagados; 2) la inversión en equipo científico y en facilidades o el grado de dependencia en el equipo suministrado por el Gobierno; 3) si se le requiere un seguro de responsabilidad profesional; y 4) el grado de independencia en su juicio profesional.[9] Una persona funciona como un contratista independiente si, dada la naturaleza de su función y la forma en que presta servicios, resulta ser su propio patrono.[10]

Ahora bien, ¿puede considerarse protegido por la inmunidad, un profesional de la salud que no es empleado ni contratista independiente de una de las entidades incluidas en la disposición legal, por el simple hecho de ostentar el privilegio médico hospitalario en alguna de estas facilidades?

---

[6] *Lind,* 112 DPR, pág. 68 (1982); Art. 41.080 del Código de Seguros de Puerto Rico, 26 LPRA § 4108, actualmente codificado como art. 41.050, 26 LPRA § 4105.

[7] *Lind Rodríguez* v. *ELA* 112 DPR 67, 69 (1982); *Hosp. San Jorge,* 169 DPR, pág. 861.

[8] La enmienda al artículo 41.050 del Código de Seguros de Puerto Rico dispuso que:

> Ningún profesional de servicios de salud podrá ser incluido como parte demandada en una acción civil de reclamación de daños por culpa o negligencia por impericia profesional *(malpractice)* que cause en el desempeño de su profesión mientras dicho profesional de servicios de salud actúe en cumplimiento de sus deberes y funciones como empleado del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios o **contratistas de éstos, mientras actúe en cumplimiento de sus deberes y funciones en las áreas de obstetricia, ortopedia, cirugía general o trauma en una instalación médico hospitalaria propiedad del Estado Libre Asociado, sus dependencias, instrumentalidades y/o municipios, independientemente de si dicha instalación está siendo administrada u operada por una entidad privada**. 26 LPRA § 4105.

[9] *Flores,* 127 DPR, pág. 609.

[10] *Whittenburg* v. *Col. Ntra. Sra. Del Carmen,* 182 DPR 937, 952 (2011).

Tener privilegios en una institución hospitalaria no equivale a ser un empleado o contratista de ésta, automáticamente. De hecho, de ordinario, **los médicos no son empleados de la institución hospitalaria donde tienen privilegios para admitir pacientes**. Hoy en día rinden servicios en un hospital, médicos que son empleados de la institución; médicos que aun cuando no son empleados propiamente del hospital, son miembros de la facultad y como tales, no solo están autorizados a practicar su profesión en el hospital respecto a sus pacientes privados, sino que están sujetos a ser llamados en consulta por el hospital respecto a cualquier paciente del mismo; médicos a quienes el hospital les ha concedido una especie de franquicia para operar con exclusividad un servicio médico especializado dentro de la institución; y médicos a quienes el hospital les ha concedido el privilegio de visitar sus facilidades para atender sus pacientes privados.[11] Nos parece insuficiente, acreditar cumplir con **el proceso de privilegiación y además, que la institución hospitalaria otorgó el privilegio de atender pacientes, para considerarse contratista independiente y mucho menos, empleado a los fines de la inmunidad. Si así lo hubiera querido el Legislador, lo hubiera plasmado expresamente en el estatuto.**

Por ello, el Art. 41.050 del Código de Seguros de Puerto Rico, exige a todo profesional de servicios de salud e institución de cuidado de salud, incluyendo a los galenos que tienen privilegios médico-hospitalarios, tener un seguro de responsabilidad financiera, a menos que sean,

> **...profesionales de servicios de salud que no ejercen privadamente su profesión y trabajan exclusivamente como empleados de instituciones de cuidado de salud privadas, siempre y cuando estuvieren cubiertos por la prueba de responsabilidad financiera de estas. También están**

---

[11] Véase, E. Hayt, L. Hayt y A. H. Groeschel, Law of Hospital, Physician, and Patient, 2da ed. rev., Nueva York, Hospital Textbook Co., 1952, págs. 88-97.

**exentos de esta obligación los profesionales de servicios de salud que presten servicios exclusivamente como empleados, funcionarios, agentes, consultores o contratistas del Gobierno del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios, siempre que no ejerzan privadamente su profesión.** Están exentas, además, las instituciones de cuidado de salud que pertenezcan y sean operadas o administradas por el Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios. [...].[12]

En resumen, la inmunidad estatuaria provista por en el Art. 41.050 del Código de Seguros de Puerto Rico protege de reclamación de daños por impericia profesional ("malpractice"), a empleados y contratistas independientes profesionales de la salud, ocurrida mientras se desempeñan en **cumplimiento de sus deberes y funciones en** las dependencias e instrumentalidades del Estado Libre Asociado de Puerto Rico, sus municipios, **el Hospital San Antonio de Mayagüez,** en el Centro Médico de Mayagüez-Hospital Ramón Emeterio Betances, entre otras. Esta inmunidad no protege a aquellos profesionales de la salud, que, sin ser empleados ni contratistas independientes de las facilidades enumeradas en el estatuto, solo ostentan el privilegio médico-hospitalario mediante el cual ofrecen algún tipo de servicio a la institución hospitalaria.

III.

En el caso ante nos, luego de que la señora Mercado Soto lo demandara por impericia médica, el Dr. Zamora Echevarría alegó que procedía la desestimación de la causa de acción en su contra por estar revestido de la inmunidad estatutaria provista por el Art. 41.050 del Código de Seguros de Puerto Rico.[13] Basó su pretensión en que ostenta privilegios médicos con el Hospital San Antonio de Mayagüez desde el año 2003 de categoría activa en el Departamento de Obstetricia y Ginecología. Tras denegársele su pedido, en la

---

[12] 26 LPRA § 4105. Énfasis nuestro.
[13] Íd.

*Moción de Reconsideración* presentada el 2 de agosto de 2022, el Dr. Zamora Echevarría anejó varios documentos intitulados *Nombramiento de Privilegios.* Exponen: "Luego de haber cumplido con el proceso de privilegiación y conforme a los estatutos de la Facultad Médica, Pediátrica y Dental, le estamos recomendando favorablemente el nombramiento en categoría de Activo en el Departamento de OB-Gyn...".[14]

No hay dudas que para la fecha de los hechos existían privilegios médicos entre el galeno y el Hospital San Antonio. Más allá de eso, el Dr. Zamora Echevarría no ha demostrado tener, en efecto, una relación contractual con la facilidad hospitalaria. No solo no proveyó ningún contrato de servicios con el Hospital San Antonio, sino que falló en establecer los factores que permitirían considerarlo como contratista independiente, según la jurisprudencia antes reseñada. <u>Primero</u>, no probó que se le emitieran pagos por los servicios brindados en el Hospital San Antonio. En <u>segundo</u> lugar, en cuanto a la inversión en equipo científico y en las facilidades del Hospital, tampoco demostró control alguno. <u>Tercero</u>, según surge del expediente, el Dr. Zamora Echevarría estaba asegurado por SIMED con una cubierta individual por incidentes médicos.

**De nuevo, el simple hecho de ostentar privilegios para atender los pacientes en el Hospital San Antonio no lo convierte automáticamente en empleado o contratista independiente**. Siendo así, no erró el Tribunal de Primera Instancia al negarse a desestimar el pleito por el fundamento de que, el Dr. Zamora Echevarría es acreedor de la inmunidad estatutaria. Fue correcto concluir, que el Dr. Zamora Echevarría no está cobijado por la inmunidad estatutaria del Art. 41.050 Código de Seguros de Puerto Rico.

---

[14] Véase Apéndice II, pág. 30.

IV.

Por los fundamentos expuestos, *expedimos* el Auto de *Certiorari* y *confirmamos* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones