FERNANDO SIERRA BERDECÍA, ETC., querellante y apelante, *v.* HULL DOBBS COMPANY OF PUERTO RICO, querellada y apelada.

*Número*: 11963    *Resuelto*: 6 de noviembre de 1962

---

*Joaquín Gallart Mendía, Domingo Candelario, Manuel Janer Mendía* y *Carlos Bastián Ramos,* abogados del apelante; *B. Sánchez Castaño, R. Rivero Cervera, P. Amado Rivera, Carlos R. Vélez* y *Ana R. Rodríguez Olazagasti,* abogados de la apelada.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

EN RECONSIDERACIÓN

PER CURIAM: El querellante radicó acción en reclamación de pago de vacaciones bajo la extinta Ley Núm. 10 de 14 de noviembre de 1917, 32 L.P.R.A. secs. 3101 y ss. (Dicha ley ha sido sustituída por la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 y ss.) y al amparo del Decreto Mandatorio Núm. 8 (texto aprobado en 26 de marzo de 1945) alegando que la demandada utilizó los servicios de José Bustelo y David Díaz como empleados permanentes, en capacidad de agentes vendedores, percibiendo ambos una comisión en las ventas efectuadas. Durante la vista del caso en el Tribunal de Distrito el querellante desistió de la querella en cuanto a David Díaz y la prosiguió en cuanto a José Bustelo. Se reclaman $313.81 por concepto de vacaciones y una suma igual por concepto de penalidad. ■

Practicada la prueba el Tribunal de Distrito, Sala de San Juan, declaró sin lugar la querella porque entendió que el trabajo desempeñado por el querellante no estaba cubierto por el Decreto Mandatorio Núm. 8 a base del cual se radicó la demanda. El querellante apeló para ante el Tribunal Superior, Sala de San Juan y dicho Tribunal confirmó la sentencia apelada. El querellante apeló ante nos y señala como errores (1) Que el tribunal a quo erró al resolver que el negocio de venta de automóviles no estaba cubierto por el Decreto Mandatorio Núm. 8 y (2) Al resolver que las

actividades de José Bustelo como agente vendedor a comisión y sin sueldo no estaban cubiertas por dicho Decreto.

Mediante sentencia de 11 de mayo de 1962 confirmamos la sentencia del Tribunal Superior, Sala de San Juan, dictada en 18 de abril de 1956 en este caso. ■

Reconsiderado el caso a solicitud del querellante-apelante, vistas la Moción de Reconsideración del querellante y la Oposición a dicha moción de la querellada, y a tenor con lo resuelto en *Sierra, Comisionado* v. *Llamas*, 73 D.P.R. 908, y con lo que este Tribunal está resolviendo en *Sierra Berdecía* v. *Pedro A. Pizá, Inc.* (Revisión 358) de fecha de hoy, con cuyo pronunciamiento estamos conformes, consideramos que cometimos error en nuestra citada Sentencia de 11 de mayo de 1962, la cual ahora dejamos sin efecto. *Por consiguiente revocamos la sentencia del Tribunal Superior, Sala de San Juan, de 18 de abril de 1956, y se declara con lugar la querella en este caso. Se condena a la querellada Hull Dobbs Co. of Puerto Rico a pagar al querellante José Bustelo la suma de $166.35 por concepto de vacaciones y una suma igual por concepto de penalidad a tenor con lo dispuesto en la sección 25 de la Ley Núm. 8 de 5 de abril de 1941, según enmendada, y las costas.*