William HALL, et. al., Plaintiffs

v.

**CENTRO CARDIOVASCULAR DE PUERTO RICO Y DEL CARIBE, et al., Defendants.**

Civil No. 11–1636 (DRD).

United States District Court, D. Puerto Rico.

Sept. 19, 2012.

Luis G. Martinez–Llorens, Luis N. Saldana–Roman, Pedro Quinones–Suarez, Saldana, Carvajal & Velez–Rive, PSC, San Juan, PR, for Plaintiffs.

Jose A. Gonzalez–Villamil, Gonzalez Villamil Law Office, San Juan, PR, for Defendants.

## OPINION ADOPTING REPORT AND RECOMMENDATION

DANIEL R. DOMINGUEZ, District Judge.

Plaintiffs field a complaint under the Court's diversity jurisdiction,[1] alleging medical malpractice against Dr. José Martínez–Toro and his conjugal partnership ("Martínez–Toro") and various other defendants.[2] Plaintiffs' complaint alleges the violation of Articles 1802 and 1803 of the Puerto Rico Civil Code, and requests indemnification of the physical and moral

---

1. Mrs. Sonia Salamán–Canales, RIP, was a citizen of both the United States and Ireland and resident of Ireland; Mr. William Hall, Mrs. Salamán's husband, is a citizen and resident of Ireland; Ms. Somaries Quintana, the adult daughter of Mrs. Salamán, is a citizen of the United States and resident of Ireland; Ms. Naomi Hall, the adult daughter of Mrs. Salamán and Mr. Hall, is a citizen of both the United States and Ireland and resident of Ireland; and Ms. Cathleen Hall, the minor daughter of Mrs. Salamán and Mr. Hall, is a citizen of both the United States and Ireland and resident of Ireland. (Docket No. 1).

2. Plaintiffs also included as defendants the Centro Cardiovascular de Puerto Rico y del Caribe, a government hospital ("Cardiovascular"); Dr. Roberto Vélez Bermúdez ("Vélez"); Dr. Hilton Franqui–Rivera ("Franqui"); and Dr. Figueroa ("Figueroa") (Docket No. 1).

However, the record shows that Plaintiffs served the summons only as to Martínez–Toro and Vélez (Docket No. 9) despite the Clerk of the Court issuing the summons as to all named defendants (Docket Nos. 3 and 7). Following the instant *Order Adopting Report and Recommendation*, the Court will order Plaintiffs to show cause as to why the case should not be dismissed against co-defendants Cardiovascular, Vélez, Franqui and Figueroa for want of prosecution; for the eligibility of co-defendants Vélez, Franqui and Figueroa of the immunity under the Medical–Hospital Professional Liability Insurance Act, 26 L.P.R.A. § 4105; and for the potential failure to comply with the terms of 32 L.P.R.A. § 3077a(e) as to the notice requirements for claims and suits against the government and its instrumentalities as to Cardiovascular.

damages suffered as a result of the death of Mrs. Sonia Salamán–Canales on July 10, 2010.

Pending before the Court is a motion for summary judgment filed by Martínez–Toro with its corresponding statement of undisputed material facts and supporting memorandum of law (Docket No. 15). Also pending before the Court is an unopposed Report and Recommendation ("R & R") issued by Magistrate Judge Bruce J. McGiverin, granting Martínez–Toro's motion for summary judgment (Docket No. 41). Upon review of the R & R, the Court hereby adopts the R & R *in toto* and **GRANTS** Martínez–Toro's motion for summary judgment (Docket No. 15), **DISMISSING WITH PREJUDICE** Plaintiffs' claims against Martínez–Toro.

## I. MAGISTRATE'S REPORT AND RECOMMENDATION

The Court may refer dispositive motions to a United States Magistrate Judge for a R & R pursuant to 28 U.S.C. § 636(b)(1)(B). *See also* Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(a); and *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Nonetheless, an adversely affected party may contest the Magistrate Judge's R & R by filing its objections to the recommendations made. Fed.R.Civ.P. 72(b). In such respect, 28 U.S.C. § 636(b)(1), in pertinent part, provides that

any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recom-

mendations made by the magistrate judge.

■ "Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the R & R waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992); *see also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

■ The Court, in order to accept unopposed portions of the Magistrate Judge's R & R, needs only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996) (*en banc*) (extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982) (*en banc*) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001) (finding

that the "Court reviews [unopposed] Magistrate's R & R to ascertain whether or not the Magistrate's recommendation was clearly erroneous") (adopting the Advisory Committee note regarding FED. R.CIV. P. 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (finding that "when no objections are filed, the district court need only review the record for plain error").

An adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten[3] days of being served' with a copy of the order." *United States v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendation to which an objection is made. *See Bonefont–Igaravidez v. International Shipping Corp.*, 659 F.3d 120 (1st Cir.2011); and *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir. 2006).

**In the instant case, no objections to the Magistrate Judge's R & R have been filed. As previously explained, this Court has only to be certain that there is no "plain error" as to the Magistrate Judge's conclusions in order to adopt the same. After a careful analysis, the Court finds no "plain error" and agrees with the Magistrate Judge's conclusions.**

## II. SUMMARY JUDGMENT

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which entitles a party to judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *See Prescott v. Higgins*, 538 F.3d 32, 40 (1st Cir.2008) (citing *Thompson v. Coca–Cola Co.*, 522 F.3d 168, 175 (1st Cir.2008)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir.2004) (stating that an issue is genuine if it can be resolved in favor of either party). In order for a disputed fact to be considered "material" it must have the potential "to affect the outcome of the suit under governing law." *Sands v. Ridefilm Corp.*, 212 F.3d 657, 660–661 (2000) (citing *Liberty Lobby, Inc.*, 477 U.S. at 247–248, 106 S.Ct. 2505); *Prescott*, 538 F.3d at 40 (citing *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir.2008)).

The principle of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir.1997) (citing Fed.R.Civ.P. 56(e) advisory committee note to the 1963 Amendment). The moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact on the record. *Shalala*, 124 F.3d at 306. Upon a showing by the moving party of an absence of a genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate that a trier of fact could reasonably find in his favor. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The non-movant may not defeat a "properly focused motion for summary judgment by relying upon mere allegations," but rather through

---

**3.** Per Local Rule 72(d), parties may object a magistrate judge's report and recommendation within fourteen (14) days after being served with the order.

definite and competent evidence. *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). The non-movant's burden thus encompasses a showing of "at least one fact issue which is both 'genuine' and 'material.'" *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990); *see also Suarez v. Pueblo Int'l*, 229 F.3d 49, 53 (1st Cir.2000) (stating that a non-movant may shut down a summary judgment motion only upon a showing that a trial-worthy issue exists). As a result, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." *Liberty Lobby, Inc.*, 477 U.S. at 247–248, 106 S.Ct. 2505. Similarly, "summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

When considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor in order to conclude whether or not there is sufficient evidence in favor of the non-movant for a jury to return a verdict in its favor. *Rochester Ford Sales, Inc. v. Ford Motor Co.*, 287 F.3d 32, 38 (1st Cir.2002). The Court must review the record as a whole and refrain from engaging in an assessment of credibility or weigh the evidence presented. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The burden placed upon the non-movant is one of production rather than persuasion. In other words, in weighing a non-movant's opposition to summary judgment the Court should not engage in jury-like functions related to the determination of credibility.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment is inappropriate where there are issues of motive and intent as related to material facts. *See Poller v. Columbia Broad. Sys.*, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) (summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); *see also Pullman–Standard v. Swint*, 456 U.S. 273, 288, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) ("[F]indings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *Dominguez–Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 433 (1st Cir.2000) (finding that "determinations of motive and intent . . . are questions better suited for the jury").

Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir.1996).

## A. Local Rule 56

Local Rule 56(b) of the District Court of Puerto Rico requires a party who moves for a summary judgment to submit, in support of the motion, a "separate, short and concise statement of the material facts" set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. Each fact asserted in the statement shall be supported by a record citation.

After the movant complies with this directive, "[a] party opposing [the] motion

for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts" and "[u]nless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by [the] rule." *See* Local Rule 56(c).

The First Circuit has consistently stated that, in the context of Local Rule 56(e), "parties ignore [it] at their peril" and that "failure to present a statement of disputed facts embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted." *Cosme–Rosado v. Serrano–Rodríguez*, 360 F.3d 42, 45 (1st Cir.2004); *Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir. 2001); *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir.2000).

## III. IMMUNITY UNDER MEDICO–HOSPITAL PROFESSIONAL LIABILITY INSURANCE ACT

The Medical–Hospital Professional Liability Insurance Act ("MHPLIA"), 26 L.P.R.A. § 4105, provides that:

No health services professional may be included as defendant in a civil action for damages because of culpability or negligence arising from malpractice incurred in the practice of his/her profession while said health services professional acts in compliance of his/her duties and functions as employee of the Commonwealth of Puerto Rico, its dependencies and instrumentalities, the Comprehensive Cancer Center of the University of Puerto Rico and the municipalities, or contractor thereof, while acting in compliance of his/her duties

and functions in the areas of obstetrics, orthopedics, general surgery or trauma in a medical-hospital facility property of the Commonwealth of Puerto Rico, its dependencies, instrumentalities and/or municipalities, regardless of whether said facility is being administered or operated by a private entity.

■ The MHPLIA contains three fundamental requirements for immunity to apply to the health services professionals that work for the government, its dependencies and instrumentalities, to wit:

(1) the person who furnishes the [health] service must be a health care professional; (2) the harm caused by his malpractice must have taken place in the practice of his profession; and, (3) he must have acted in compliance with his duties and functions as an employee of the Commonwealth of Puerto Rico, its agencies, instrumentalities, and municipalities.

*Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 32 (1st Cir.1998) (citing *Flores Román v. Ramos González*, 127 D.P.R. 601, 1990 WL 658712 (1990)).

■ Generally, the third requirement often presents the crucial area of inquiry despite the immunity of MHPLIA extending to full-time government physicians and those functioning as part-time government employees who commit the alleged malpractice while acting in that capacity. *See Torres Vargas, supra* (quoting *Lind Rodriguez v. E.L.A.*, 12 P.R. Offic. Trans. 85, 87, 112 D.P.R. 67 (1982)). The First Circuit summarized the precedents of Puerto Rico caselaw and devised an analysis approach in *Torres Vargas* to aid in the determination of which physicians were entitled to protection under the immunity provisions of the MHPLIA. Thus, physicians meeting the following criteria would be considered employees and, consequently, *entitled* to the immunity of the

MHPLIA, if they: (1) received a flat salary regardless of the number of patients seen or procedures performed; (2) received vacation time, sick leave, and other customary fringe benefits; (3) used only the government's facilities, equipment, supplies, and personnel in rendering services; (4) received protection against malpractice suits at the employer's expense; and (5) enjoyed relatively little autonomy in practice management. *Id.* (citing *Rivera v. Hospital Universitario*, 762 F.Supp. 15, 17–18 (D.P.R.1991)).

■ On the contrary, physicians meeting the following criteria would be considered independent contractors, and thus, *not entitled* to the immunity provisions of the MHPLIA: (1) the physician's compensation is established on a per-patient basis instead of a flat salary; (2) the physician received no fringe benefits of a type given to the principal's employees (e.g., vacation or sick leave, pension benefits, tax withholding); (3) the physician personally owned, invested in, or paid for the medical equipment and supplies used to treat patients, or the facilities which formed the situs of that treatment, or personally hired and supervised his own administrative or subsidiary medical personnel; (4) the physician held and paid for his own medical malpractice insurance policy; or (5) the physician exercised final judgment as to the appropriate medical treatment to render to patients.

In performing the referenced analysis, the principal focus should be on "the level of control contractually reserved to the governmental entity over the physician's provision of patient services," without awarding any single factor more significance over another. *Nieves v. University of Puerto Rico*, 7 F.3d 270, 279 (1st Cir. 1993). The analysis should be performed as to the totality of the circumstances. *Id.* Therefore, the courts must examine each physician's contract and the surrounding circumstances to determine whether, according to the contract terms and other relevant evidence, the particular physician should be considered as an independent contractor or an employee of the government agency or other governmental instrumentality. *See Torres Vargas, supra.*

## IV. ANALYSIS

As summarized in the R & R, Martínez–Toro has been a faculty member of the University of Puerto Rico Medical Sciences Campus (a government instrumentality) since 1979, and currently holds a permanent position as Associate Professor at the Cardiology Division of the Department of Medicine. (Docket No. 15–1, ¶ 2; Docket No. 15–3). At the time of the events giving rise to the instant case, Martínez–Toro served as an employee and faculty member of the University of Puerto Rico Medical Sciences Campus (Docket No. 15–1, ¶ 1; Docket No. 15–2, ¶ 3) and was participating in the Intramural Practice Plan at Centro Cardiovascular de Puerto Rico y del Caribe (also a government medical facility). (Docket No. 28–1). While Martínez–Toro also holds a private medical practice in Puerto Rico, Mrs. Salamán–Canales was not his patient while in Martínez–Toro's private practice. (Docket No. 28–1)

■ Pursuant to the requirements of the immunity provisions of the MHPLIA, Martínez–Toro proffered evidence that he is a health care professional; that he is being sued for medical malpractice for the alleged negligence in providing medical care to the late Mrs. Salamán–Canales; and that he was acting as a government employee at all times during his care of the late Mrs. Salamán–Canales. (Docket No. 15–1 and 15–2). Martínez–Toro also provided evidence as to the invoicing by the government of his medical services to

the late Mrs. Salamán–Canales, which, according to the government billing official at the University of Puerto Rico Medicine Department, Cardiology Section, would not have been issued by the government had Martínez–Toro been acting in his capacity as a private medical practitioner. (Docket No. 28–3).

Plaintiffs did not controvert the evidence and information proffered by Martínez–Toro in the motion for summary judgment. Instead, they admitted to being "unable to respond to the issues raised by defendants in their Motion for Summary Judgment" (Docket No. 22, page 6) and have twice requested leave to voluntarily dismiss the complaint without prejudice (Docket Nos. 31 and 38).[4] Magistrate Judge McGiverin found that Plaintiff failed to introduce "any competent evidence to challenge the veracity or completeness of defendants' sworn statements and submitted documentation" and that "plaintiffs have not raised a colorable factual dispute from which a jury could rationally find that Dr. Martínez–Toro was acting as a private physician while treating Mrs. Salamán–Canales, and not as a physician [employed by the government] and thus shielded from liability." (Docket No. 41, page 7). The Court concurs with Magistrate Judge McGiverin's conclusions.

Consequently, because Plaintiff rested solely upon conclusory allegations and unsupported speculations against Martínez–Toro, the Court deems all of the facts presented in Martínez–Toro's statement of undisputed facts admitted. The Court finds that Martínez–Toro is entitled to the immunity provisions of the MHPLIA.

## V. CONCLUSION

For the reasons set forth above, the Court finds that there is no plain error in the Magistrate Judge's R & R (Docket No. 41) and hereby adopts the same *in toto* (Docket No. 41). Therefore, Martínez–Toro's motion for summary judgment (Docket No. 15) is hereby **GRANTED** and the claims against him are **DISMISSED WITH PREJUDICE**.

Now, the Court will not issue a judgment on the dismissal of Martínez–Toro because, as the case is still open as to co-defendants Cardiovascular, Vélez, Franqui and Figueroa,[5] no partial judgment is authorized by the Court of Appeals until the conclusion of the case regarding all defendants. *See Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine*, 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule … furthers 'the strong congressional policy against piecemeal review.'" *Id.* (quoting *In re: Continental Investment Corp.*, 637 F.2d 1, 3 (1st Cir.1980)); *Comité Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180, 183 (1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.*, 808 F.2d 848, 854 (1st Cir.1986)); *see also United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). As stated in note 2, supra, following the instant *Order Adopting Report and Recommendation,*

---

**4.** Both requests were denied by Magistrate Judge McGiverin under considerations of Martínez–Toro's efforts and expense in preparing the summary judgment and Plaintiffs' apparent "lack of diligence in prosecuting of

the [instant] action." (Docket No. 41, page 2).

**5.** *See note 2, supra.*

the Court will order Plaintiffs to show cause as to why the case should not be dismissed against co-defendants Cardio-vascular, Vélez, Franqui and Figueroa for want of prosecution; for the eligibility of co-defendants Vélez, Franqui and Figueroa of the immunity under the MHPLIA; and for the potential failure to comply with the terms of 32 L.P.R.A. § 3077a(e) as to the notice requirements for claims and suits against the government and its instrumentalities as to Cardiovascular.

**IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION*

BRUCE J. McGIVERIN, United States Magistrate Judge.

Plaintiffs William Hall, Naomi Hall, Cathleen Hall, Somaries Quintana, and the heirs of Sonia Salamán Canales ("Mrs. Salamán–Canales") (collectively, "plaintiffs") filed a complaint for medical malpractice against Dr. José Martínez Toro and his conjugal partnership ("Dr. Martínez–Toro"), and various other defendants. (Docket 1). Plaintiffs' claims arise under Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141–5142. They seek monetary damages for defendants' alleged negligence in providing medical care to Mrs. Salamán–Canales (deceased). (*Id.*). Dr. Martínez–Toro moved for summary judgment as to all claims. (Docket No. 15). Plaintiffs have not opposed the motion, but moved to dismiss

their claims against Dr. Martínez–Toro without prejudice.[1] (Docket No. 37). This matter was referred to me for a report and recommendation. (Docket No. 35). For the reasons that follow, I recommend that Dr. Martínez–Toro's motion for summary judgment be **granted,** and plaintiffs' claims against him be **dismissed with prejudice.**

### PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

As a preliminary matter, plaintiffs moved for dismissal without prejudice of their claims against Dr. Martínez–Toro. (Docket No. 38). Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion or summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."

Where, as here, a defendant has moved for summary judgment, a plaintiff cannot unilaterally dismiss an action without court approval "on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). The purpose of requiring such approval is to ensure that "no other party will be prejudiced." *Doe v. Urohealth Systems, Inc.,* 216 F.3d 157, 160 (1st Cir.2000) (quoting *Puerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46, 50 (1st Cir.1981)). In deciding whether to grant a Rule 41(a)(2)

1. On October 13, 2011, plaintiffs requested that the court deny or hold in abeyance the resolution of Dr. Martínez–Toro's motion for summary judgment pursuant to Rule 56(d) ("plaintiffs' Rule 56(d) motion") (Docket No. 22), to which defendants responded (Docket No. 28) and plaintiffs filed a sur-reply. (Docket No. 31). On June 15, 2012, I found as moot plaintiffs' Rule 56(d) motion (Docket No. 22) and ordered plaintiffs to oppose Dr. Martínez–Toro's summary judgment motion by June 25, 2012. (Docket No. 37). On June

25, 2012, plaintiffs moved for an extension of time to oppose the motion for summary judgment or, in the alternative, dismissal without prejudice of the claims against Dr. Martínez–Toro (Docket No. 38). I denied the motion for extension of time, and allowed Dr. Martínez–Toro to stipulate to the requested dismissal without prejudice if he so agrees. (Docket No. 39). Dr. Martínez–Toro opposed plaintiffs' request to dismiss the claims against him without prejudice. (Docket No. 40, p. 3).

motion, courts typically look to "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id.* (quoting *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir.1969)).

These factors all weigh against dismissal without prejudice in this case. Defendant Dr. Martínez–Toro has already moved for summary judgment and expended resources in responding to plaintiffs' subsequent motions for abeyance and extension of time. (Docket Nos. 15, 28, 40). Plaintiffs' delays in completing discovery, despite the court's clear warning that further extensions would not be granted (Docket No. 37), reflect a lack of diligence in prosecuting the action. Moreover, plaintiffs do not explain any particular justification for dismissing the claims without prejudice. (Docket No. 38).

Therefore, the court should not grant plaintiffs' request to dismiss their claims against Dr. Martínez–Toro without prejudice, and I proceed to consider the unopposed motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case are summarized here after applying Local Rule 56, which structures the presentation of proof at summary judgment.[2] Plaintiffs' complaint, dated July 5, 2011, arises from the medical treatment of Mrs. Salamán–Canales at Centro Cardiovascular. (Docket No. 1; Docket No. 15–1, ¶ 1). The complaint was served to Dr. Martínez–Toro at his private medical office in Hato Rey, Puerto Rico. (Docket No. 28–1, ¶ 3). On September 28, 2011, Dr. Martínez–Toro moved for summary judgment, claiming that as a physician and faculty professor at the University of Puerto Rico ("UPR"), School of Medicine, he is immune from liability under the Medico–Hospital Professional Liability Insurance Act (MHPLIA), 26 L.P.R.A. § 4105. (Docket No. 15).

Dr. Martínez–Toro has been a faculty member of the UPR Medical Sciences Campus since 1979, and currently holds a permanent position as Associate Professor at the Cardiology Division of the Department of Medicine. (Docket No. 15–1, ¶ 2; Docket No. 15–3). Dr. Martínez–Toro asserted in his first sworn statement that, at

---

**2.** The rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González–Toro,* 520 F.3d 58, 62 (1st Cir.2008), and prevents parties from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani–Colón v. Dep't of Homeland Sec.,* 511 F.3d 216, 219 (1st Cir.2007). The penalty for noncompliance is severe: "If the party opposing summary judgment fails to comply with Local Rule 56(c), the rule permits the district court to treat the moving party's statement of facts as uncontested." *Id.* Thus, litigants ignore the rule "at their peril." *Id.*

A motion for summary judgment must be supported by "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." Local Rule 56(b). The opposing party must admit, deny, or qualify the moving party's facts by reference to each numbered paragraph, and may make a separately numbered statement of material facts. Local Rule 56(c). The moving party may reply and admit, deny, or qualify the opponent's newly-stated facts, again in a separate statement and by reference to each numbered paragraph. Local Rule 56(d). Any facts supported by citation to record evidence and not properly controverted as described by the rule are deemed admitted. Local Rule 56(e).

the time of the events which gave rise to this case, he served as an employee and faculty member of the UPR Medical Sciences Campus. (Docket No. 15–1, ¶ 1; Docket No. 15–2, ¶ 3).

Plaintiffs countered Dr. Martínez–Toro's motion for summary judgment with a Rule 56(d) motion, requesting the court to deny or hold in abeyance the resolution of Dr. Martínez–Toro's motion pending further discovery on his relationship with Centro Cardiovascular. (Docket No. 22). In response, Dr. Martínez–Toro submitted a second sworn statement declaring that he treated Mrs. Salamán–Canales at Centro Cardiovascular while acting at all times as an employee of the Medical Sciences Campus of UPR and not while holding special medical privileges as a surgeon in private practice. (Docket No. 28–1, ¶¶ 3–4).

To substantiate this statement, Dr. Martínez–Toro submitted a copy of a billing invoice sent to Mrs. Salamán–Canales, which was generated by the Cardio Invasivo Lab Recinto de Ciencias Médicas–19 ("RCM–19") under the UPR Intramural Practice Plan. (Docket No. 28–2; Docket No. 28–3, ¶ 2). The invoice bills Mrs. Salamán–Canales for a catheterization procedure that Dr. Martínez–Toro performed. (Docket No. 28–1, ¶ 4; Docket No. 28–2). Hilda de Lourdes Reyes–Rivera, a billing official at the Cardio Invasivo Lab RCM–19 of UPR, personally generated the invoice and mailed it to Mrs. Salamán–Canales at the address provided by Centro Cardiovascular. (Docket No. 28–3, ¶ 3). Both Dr. Martínez–Toro and Ms. Reyes–Rivera asserted in their sworn statements that the invoice would not have been generated by the UPR Intramural Practice Plan if Dr. Martínez–Toro had treated Mrs. Salamán–Canales as a private patient at Centro Cardiovascular. (Docket No. 28–1, ¶ 5; Docket No. 28–3, ¶ 4). Furthermore, as a billing official at UPR for the past 18 years, Ms. Reyes–Rivera had neither generated nor billed an invoice on behalf of Dr. Martínez–Toro for any of his private patients. (Docket No. 28–4, ¶¶ 2, 4).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero–Cerezo v. U.S. Dep't of Justice,* 355 F.3d 6, 19 (1st Cir.2004). The court does not weigh the facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton,* 58 F.3d 748, 751 (1st Cir.1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] ... which it believes demonstrate the absence of a genuine issue of material fact." *Crawford–El v. Britton,* 523 U.S. 574, 600 n. 22, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); Fed. R.Civ.P. 56(c)(1). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving

party," *Leary,* 58 F.3d at 751, and an evaluating court may not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.,* 835 F.2d 932, 936 (1st Cir.1987). Nonetheless, summary judgment is appropriate where the nonmoving party rests entirely upon "conclusory allegations, improbable inferences, and unsupported speculation" on any essential element of the claim. *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990).

### DISCUSSION

Defendant Dr. Martínez–Toro argues that plaintiffs do not have a cause of action against him for medical malpractice, since he is entitled to immunity under the Medico–Hospital Professional Liability Insurance Act (MHPLIA), 26 L.P.R.A. § 4105.

The MHPLIA provides:

No health service professional may be included as a defendant in a civil suit for damages due to malpractice caused in the performance of his profession while said health service professional acts in compliance with his/her duties and functions as an employee of the Commonwealth of Puerto Rico, its dependencies, instrumentalities and municipalities.

26 L.P.R.A. § 4105. This section confers immunity on doctors who are government employees. *Lind Rodríguez v. E.L.A.,* 12 P.R. Offic. Trans. 85, 112 D.P.R. 67 (1982). The Puerto Rico Supreme Court has construed the MHPLIA as containing three fundamental requirements for immunity: (1) [the person who furnishes the service] must be a health care professional; (2) the harm caused by his malpractice must have taken place in the practice of his profession; and, (3) he must have acted in compliance with his duties and functions as an

employee of the Commonwealth of Puerto Rico, its agencies, instrumentalities, and municipalities. *Flores Román v. Ramos González,* 127 D.P.R. 601, 606 (1990); *see also Torres Vargas v. Santiago Cummings,* 149 F.3d 29, 31–32 (1st Cir.1998).

The immunity extends to doctors who, in addition to working for the government, have their own private practice. *Flores Román,* 127 D.P.R. at 607; *see also Caraballo–Melía v. Suárez–Domínguez,* No. 08–2205, 2009 WL 2997910, at *4 (D.P.R. Sept. 14, 2009). In order for the immunity provision to apply, however, the defendant doctor must have been acting as a government employee at the time of the events which gave rise to the claim. *Frances–Colón v. Ramírez,* 107 F.3d 62, 64 (1st Cir.1997); *Lind Rodríguez,* 12 P.R. Offic. Trans. at 87. The Puerto Rico Supreme Court has held that "doctors who render their services under the [Intramural Practice Plan of UPR] are Medical Sciences Campus employees covered by the immunity conferred by [section 4105]." *Rodríguez Ruiz v. Hosp. San Jorge,* 2007 TSPR 5, 2007 WL 152630 (official translation); *see also Caraballo–Melía,* No. 08–2205, 2009 WL 2997910, at *4 n. 1. "Section 4105 immunity is an affirmative defense, and, accordingly the defendant bears the burden of establishing its applicability." *Torres Vargas,* 149 F.3d at 35 (citing *Flores Román,* 127 D.P.R. at 604). Accordingly, "[t]he party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is conclusive." *Id.*

Here, it is uncontested that Dr. Martínez–Toro is a health care professional and that plaintiffs are suing him for negligence in providing medical care to Mrs. Salamán–Canales. (Docket No. 15–1, ¶ 1; Docket No. 15–2, ¶ 2). It is also uncontested that Dr. Martínez–Toro has been a

faculty employee of the Department of Medicine at UPR since 1979. (Docket No. 15–1, ¶ 3; Docket No. 15–2). Therefore, the key area of inquiry is whether Dr. Martínez–Toro was acting as a private physician while treating Mrs. Salamán–Canales, which is not covered by section 4105 immunity, or as a Medical Sciences Campus employee participating in the UPR Intramural Practice Plan.

The evidence submitted by defendants is unopposed. Dr. Martínez–Toro asserted in his sworn statement that he did not treat Mrs. Salamán–Canales in his private practice, but as a physician participating in the Intramural Practice Plan at Centro Cardiovascular. (Docket No. 28–1, ¶¶ 3–4). Furthermore, he submitted the copy of an invoice sent from the Cardio Invasivo Lab RCM–19 to Mrs. Salamán–Canales for a procedure he performed at Centro Cardiovascular. (Docket No. 28–2). According to Ms. Reyes–Rivera, the billing official who generated the invoice, the Cardio Invasivo Lab RCM–19 functions under the UPR Intramural Practice Plan. (Docket no. 28–3, ¶ 2). The existence of this invoice, coupled with sworn statements that the invoice would not have been generated if Dr. Martínez–Toro had treated Mrs. Salamán–Canales as a private patient (Docket No. 28–1, ¶ 5; Docket no. 28–3, ¶ 4), leads to the conclusion that Dr. Martínez–Toro treated Mrs. Salamán–Canales under the Intramural Practice Plan, and thus as an employee of the UPR Medical Sciences Campus covered by section 4105 immunity.

Plaintiffs have not introduced any competent evidence to challenge the veracity or completeness of defendants' sworn statements and submitted documentation. Even at the time when plaintiffs filed their final motion requesting an extension of time, nearly nine months after Dr. Martínez–Toro moved for summary judgment, plaintiffs have not gone beyond making

speculative assertions that Dr. Martínez–Toro's immune status would depend on various details of his contract with Centro Cardiovascular, which has not been proffered. (Docket Nos. 22, 38).

Factual assertions by counsel in motion papers, memoranda, or briefs are generally not sufficient to generate a trialworthy issue. *Nieves v. Univ. of Puerto Rico*, 7 F.3d 270, 280–81 (1st Cir.1993). Accordingly, plaintiffs have not raised a colorable factual dispute, from which a jury could rationally find that Dr. Martínez–Toro was acting as a private physician while treating Mrs. Salamán–Canales, and not as a physician participating in the UPR Intramural Practice Plan and thus shielded from liability. *Id.* I therefore recommend that Dr. Martínez–Toro's motion for summary judgment be **granted.**

## CONCLUSION

For the foregoing reasons, I recommend that the motion be **GRANTED.**

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. By prior order of the court, the time for filing objections with the Clerk of Court has been *reduced to five (5) business days, and the three-day period under Local Rule 5(e) has been set aside.* (Docket No. 35). Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 9th day of July, 2012.